UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

RYAN MART ANDERSON,
    Plaintiff,

Civil Action No._____

Judge_____

CHEATHAM COUNTY SHERIFF'S
DEPARTMENT, SHERIFF TIM BINKLEY,
CHEATHAM COUNTY JAIL
MUNICIPAL GOVERNMENT OF
CHEATHAM COUNTY,
DEPUTY ZACKARY ROESLER AND
DEPUTY MICHAEL D. MEALER AND
DEPUTY JOHN DOE,
    Defendants.

# COMPLAINT

### Jury Demand

1. This action seeks money damages for violation of the Plaintiff's rights under 28 USC 1983 and for personal injury in the course of that violation due to excessive force and false arrest without probable cause to arrest under color of state law. Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States were violated. As a supplemental state claim the Plaintiff also brings this action against the Defendants for personal injury, said excessive force being the proximate cause of said injury.

### Jurisdiction

2. This Court has jurisdiction over Plaintiff's Federal Claim under 28 U.S.C.§§1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's second claim for personal injury based on state law, under 23 U.S.C. § 1367.

3. Venue in the United States District Court for the Middle District of Tennessee,

1

Nashville Division is proper pursuant to 28 U.S.C.§1391.

**Parties**

4. Plaintiff is an individual, residing at 3354 Brownsville Rd., Clarksville, Montgomery County, Tennessee. 37043.  5. Cheatham County Sheriff's Department and Sheriff Tim Binkley are located at 264 South Main Street, Ashland City, TN 37015. which manages the Cheatham County Jail which is located at 200 Court St., Ashland City TN 37015.

5. The Municipal Government of Cheatham County is a local government entity for which Deputy Zachary Roesler and Deputy Michael D. Mealer were employed by at all times referred to herein and it is located at the last known address of 350 Frey Street | Ashland City, TN 37015. This Entity manages the Cheatham County Sheriff's Department which runs the Cheatham County Jail. The Executive Officer of said Municipal Government is Kerry M. Carver, County Mayor who is located at 350 Frey St., Ashland City, Tennessee 37015. Said officer or manager acts as agent for service of process on said Cheatham County, Cheatham County Sheriff and Cheatham County Jail per Rule 4. of the Tennessee Rules of Civil Procedure CR 4(7) and Federal Rules of Civil Procedure4 (j). In the alternative, the service may be issued upon the County Court Clerk, Tenn Rules Civil Procedure 4(7), who is W.J. Hall at 210 S. Main St.., Suite 108, Ashland City, TN 37015.

6. Deputy Zachary Roesler is an individual, residing in Tennessee, and is or has been employed with and can be located in the Cheatham County Sheriff's Office at 264 South Main Street, Ashland City, TN 37015, his last known address.

2

8. Deputy Michael D. Mealer is an individual. Residing in Tennessee, nd is or has been employed with and can be located in the Cheatham County Sheriff's Office at 264 South Main Street, Ashland City, TN 37015, his last known address.

9. It is believed by the Plaintiff that an unknown third deputy was involved in his injuries, herein referred to as Deputy John Doe, and it is expected that he would also be located at his place of employment and last known address at 350 Frey Street., Ashland City TN 37015

### Facts

10. On or about the 13th of December, 2022, the Plaintiff was at 9254 War Eagles Way, Pleasant View, TN 37146, an address within the Municipal Government of Cheatham County, Tennessee. His mother, Tammy Hackett, was present with him. She and Mr. Anderson's friend, Melissa Monnin, had called 911 due to what appeared to be Mr. Anderson's state of intoxication or confusion. He was acting erratically, and Ms. Monnin had called 911 as she was afraid he was going to hurt himself. Both Ms. Monnin and Ms. Hackett expected Dispatch to call EMTs due to Mr. Anderson's confused and erratic state of mind. No criminal complaint had been made. Instead, the two deputies, Officer Roesler and Officer Mealer arrived.

11. These officers spoke to Plaintiff, and after being convinced he was only intoxicated and was not intending to hurt himself, they went outside and spoke to Ms. Hackett. She then went inside to speak to her son. She had recently had surgery on her shoulder. As she was talking to Mr. Anderson, he told his mother to please leave me alone and let me go to bed and put his hand on her sore shoulder where she had recent surgery.. She cried

3

out in pain from the touch. Ms. Hackett did not get a chance to explain what had happened. An Officer cried out: "That's an assault !" and tackled the Plaintiff. Officer Roesler ordered Plaintiff to get on the ground. The two officers wrestled Mr. Anderson to the ground and got on top of him. Officer Mealer then fired his stun gun twice upon Mr. Anderson's back (which was later found to be fractured) Mr. Anderson could not get his hands out from underneath his body. The officers had him pinned down on top of his hands , hand-cuffed one, but Mr. Anderson could not get the other one out from under his body. Thus he could not follow their commands to pull the other hand up with their weight on top of him. The weight of the officers resulted in severe injuries to the Plaintiff. After his wounds were examined, Plaintiff observed a large dark bruise on his side that was about the size of a boot print. [See **Exhibit D**, attached hereto]

12. The amount of force applied by the officers was unreasonable and excessive. There was no criminal activity. They did not listen to Ms. Hackett who was trying to explain that he had not assaulted her. A reasonable officer would have spoken to Ms. Hackett and he would have realized there was no crime in progress. Instead the officers brutally assaulted Mr. Anderson who was only trying to catch his balance. The force used by the Officers by piling on top of him and tasing him was so excessive that it resulted in rib and vertebra fractures.

13. Mr. Anderson was arrested and confined to the Cheatham County Jail. He was falsely charged with Assault on an Officer, Resisting Arrest, and Domestic Assault. He was unable to obtain sufficient medical care until he was released from the Cheatham County Jail.. He received a cursory exam while there but it was done without discovering or treating his injuries. This failure to treat his injuries contributed to his

pain and suffering. He was given nothing for the pain in his back. The jail personnel gave him only a mattress with all the stuffing removed. He had to use this to sleep on a cold, hard bunk. To make matters even worse they assigned him a top bunk with no ladder to climb up to it. Thus, he was forced to pull himself up enduring aggravated pain.

12. After his release he was able to get treatment at Skyline Medical Center ER on the 22nd of December, 2022. A CT scan revealed he had suffered a "minimal anterior compression fracture" at L1 and a "nondisplaced rib fracture right rib 10." A back brace was recommended by the ER physician. He has continued to suffer pain and disability in his back and ribs since this injury. [See **Exhibit A**, CT from Skyline Medical Center] He was given a back brace which he wore for four months. This caused him to miss about two weeks of work. He continues to take Ibuprofen 800's and muscle relaxers for the remaining year after this assault.

13. The actions of the jail personnel in failing to treat such wounds and purposely allowing him to suffer amount to "deliberate indifference", recklessly disregarding a substantial risk of harm and pain to their prisoner. Due to the complaints of Plaintiff who was suffering at the time of his confinement, the personnel had to realize, as any reasonable person would, that the treatment they gave him would only increase his suffering. The Eighth Amendment to the United States Constitution prohibits the"unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97 103, 104 (1976). Even though some medical examination was provided, the examiner failed to provide reasonable or adequate medical service to Mr. Anderson. This is demonstrated by evidence of the untreated fractures discovered right after his release after he was treated

at Skyline Medical Center.

14. His criminal charges were subsequently heard by the Cheatham General Sessions Court, and dismissed. They appear to be expunged as no records of the charges remain in the General Sessions Court of Cheatham County or the Jail. However, copies of these records have been retained and are now in counsel's possession.

15. In general, the seizure of a person by an officer is unreasonable under the Fourth Amendment if the officer uses excessive force in making an arrest or defending others. The amount of force must be objectively reasonable. In these circumstances the amount of force was not objectively reasonable. There was no crime that required an response from the officers, Even if there was a crime, the mild nature of Mr. Anderson's attempts to steady himself did not justify the amount of force used by the officers . Moreover Mr. Anderson did not present a threat of harm to his mother, the officers, or himself. He was not attempting to flee the officers but struggling to get his arms out from under his body where the officers had him pinned. Yet the Officers irrationally insisted on him pulling his arm out from under his body while he struggled under the weight of the officers. There was no reason to apply a taser to his mid back and kick an unarmed person who was doing nothing to evade the arrest. The amount of force used by the Officers far outweighed the necessity to use force. The officers arrested him under color of law. Thus, the individual officers violated Mr. Anderson's civil rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

16. The charges of assault, resisting arrest, Domestic Assault and Assault on an Officer lacked probable cause and were not justified under these circumstances. Rather it

appears the officers placed the charges to cover the reason for their own excessive force and assault on the Plaintiff.

17. The Plaintiff further states a claim against the Municipal Government and Sheriff's Office of Cheatham County, Tennessee for violation of his constitutional rights under the Fourth and Fourteenth Amendments. These entities are not liable simply because of the employment of the officers, but because of the custom and official policy of the hiring entity. The Cheatham County Municipal Government and the Sheriff"s Office has tolerated a custom of officers engaging in excessive force to the injury of members of the public with exaggerated and false charges and physical harm. Plaintiff would contend that this custom results from inadequate training or supervision and the failure to adopt a much needed overhaul of its policies. This is just the third time in about half a dozen years these entities have been sued for such excessive force and false arrest.

18. In 2016 three Cheatham County Officers fastened an 18 year-old boy to a restraint chair and hit him with a taser so many times his father said it looked like he had the measles. This young man successfully sued Cheatham County and the officers for excessive force . [See, **Exhibit B**]

19. In 2018 two Cheatham County officers answered a 911 hang-up call at an unidentified location close to Mr. Campbell's trailer home. Neither officer identified themselves as officers, but began talking through the door threatening to use fire-power. Mr. Campbell later said he thought he was being attached b y unknown persons. Then officer Fox fired 8 times into the trailer. Luckily Mr. Campbell was not hit, although he and his wife were in the home that night. This case went up through the Sixth Circuit where it was found Mr. Fox did not have the right to qualified immunity as the force was excessive.

The case is now before the U.S. Supreme Court. [See **Exhibit C, dissent opinion omitted**]

20. There is apparently such a climate or custom of excessive force ingrained with this county, that now this case is the third lawsuit for excessive force since 2016. With such a history, it is apparent that this Municipal Government and Sheriff's Department has failed to adequately train and supervise its armed employees.

21. The excessive force and deliberate indifference described herein is illustrated by a photo of Mr. Anderson's wounds taken days after the event when he was *released* from the Cheatham County Jail. [See **Exhibit D,** attached hereto]

## Prayer for Relief

**WHEREFORE,** Plaintiff prays this Court permit this Complaint to be filed and that the Defendants answer to the same under oath, and that the Plaintiff be granted a trial by jury and for a judgment against all the Defendants for:

1. Compensatory damages, (from the actions of the Cheatham County Sheriff Officers and Jail Personnel) being the reasonable value of medical care and supplies that he has needed, pain and suffering and lost wages, and future medical expense, future disability, pain and suffering and lost earning capacity, (more than nominal damages) at an amount to be determined in trial from all defendants, jointly and severally.

2. Punitive damages to serve as an example or warning to discourage another use of excessive force covered up by false criminal charges, and to show there is no room in law enforcement for such reprehensible conduct, and that Plaintiff be justly compensated for suffering the loss of his civil rights, pain and suffering and financial

loss.

3. For reasonable attorney fees pursuant to 42 U.S.C. § 1988 and costs.

4. For all other relief to which he may be entitled.

Respectfully submitted:

S/NANCY E.S. CALLOWAY

NANCY E.S. CALLOWAY
Attorney for Plaintiff
P.O. Box 457
Elkton, KY 42220
BPR# 009143
(270) 265-2322
Email: callowaylaw@bellsouth.net
