UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RYAN MARTIN ANDERSON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | Civil Action No. 3:23-cv-01309 |
| ) | Judge Aleta Trauger |
| CHEATHAM COUNTY SHERIFF'S ) | JURY DEMAND |
| DEPARTMENT, SHERIFF TIM ) | |
| BINKLEY, CHEATHAM COUNTY ) | |
| JAIL, MUNICIPAL GOVERNMENT ) | |
| OF CHEATHAM COUNTY, DEPUTY ) | |
| ZACHARY ROESLER, AND ) | |
| DEPUTY MICHAEL D. MEALER AND ) | |
| DEPUTY JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

**ANSWER**

Comes now the Defendants Cheatham County, Tennessee, Sheriff Tim Binkley, Deputy Zachary Roesler and Deputy Michael Mealer, and for Answer to the Amended Complaint against them, which showing to the court the following.

1. In response to allegations contained in paragraph no. 1 Defendants deny that they violated the Plaintiff's rights under 28 U.S.C. § 1983 or committed personal injury against the Plaintiff and denies they used excessive force or made a false arrest without probable cause. Defendants deny that the Plaintiff's rights under the 4th or 14th amendments were violated.

2. Defendant admits that this court has jurisdiction over 28 U.S.C. § 1983 claims pursuant to 28 U.S.C. § 1331 and 1343. Defendants admit that this court has supplemented jurisdiction over state claims pursuant to 28 U.S.C. § 1367,

3. Admitted.

4. Defendant admits that Tim Binkley is the elected Sheriff for Cheatham County, Tennessee. Defendant further admits that Cheatham County Sheriff's Department is a department of Cheatham County, Tennessee. Defendants deny that Cheatham County Sheriff's Department is a separate suable entity. Defendant admits that Cheatham County, Tennessee operates Cheatham County Jail, but denies it is a separate suable entity.

5. Defendant admits that Cheatham County, Tennessee is a municipality organized and formed of the laws of Tennessee. Defendant admits that Zachary Roesler and Michael Mealer were employed by Cheatham County, Tennessee. Defendant admits that Cheatham County Sheriff's Department is a department of Cheatham County, Tennessee but the Defendants deny that it is a separate suable entity. Defendant admits that Cheatham County operates a jail located in Ashland City, Tennessee. Defendant admits that Kerry M. Carver is the elected County Mayor for Cheatham County, Tennessee, and that Cheatham County, Tennessee may be served with process through its Mayor. Defendant denies that Cheatham County Jail is a suable entity, and denies that the Mayor can accept service for a nonexistent entity. Defendant further denies that the Cheatham County Sheriff's Department is a separate suable entity, but is merely department of Cheatham County, Tennessee.

6. Admitted.

7. The Amended Complaint does not contain paragraph no. 7.

8. Admitted.

9. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore deny the same.

10. In response to the allegations contained in paragraph no. 10, Defendants admit that on December 13, 2022, the Plaintiff was at 9254 War Eagles Way, Pleasant View, Tennessee, which

is located in Cheatham County, Tennessee. It is admitted that his mother, Tammy Hackett was also present at that address, and that Melissa Monnin had called 911 and advised that her boyfriend, Ryan Mart Anderson was intoxicated and had threatened to hurt himself. It is also admitted that two deputies Zachary Roesler and Michael Mealer were dispatched to the residence located at 9254 War Eagles Way regarding individual that was intoxicated and threatening to hurt himself. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph no. 10. and therefore deny the allegations.

11.    In response to the allegations contained in paragraph no. 11, Defendants admit that the Plaintiff was intoxicated and when was questioned by the officers he denied that he might hurt himself.   It is admitted that the deputies spoke to the mother, Tammy Hackett was also present at the scene.   Defendants aver that the deputies left the resident and were standing outside talking with the Plaintiff's mother, Tammy Hackett.   Following that conversation, Ms. Hackett went inside to speak to her son.   Defendants aver that Ms. Hackett who was inside the residence with her son yelled for officers to help.   The officers entered the house and saw the plaintiff push his mother and tried to grab her as she was retreating.   After the officers Entered the residence Deputy Roesler tried to get him between the Plaintiff and his mother and ordered the Plaintiff to get on the ground. The Plaintiff refused the order of the deputy instead tensed up and then grabbed for the deputy's shirt and duty belt.   Defendants aver that Deputy Roesler and Mealer wrestled the Plaintiff to the ground, where he continued to resist. It is admitted, that Deputy Mealer used his stun gun on the Plaintiff which had no effect. Defendants averred that during the scuffle the Plaintiff continued to try to get up multiple times and was pushed back down as the Plaintiff continued resisting.   Plaintiff refused to bring his hands behind his back in order to be handcuffed and wrestled with the deputies until they were able to handcuff him where he was then removed

from the residence and placed the back of the patrol car and ultimately transported to the Cheatham County Jail. The remaining allegations contained in paragraph no. 11 are denied.

12. The allegations contained in paragraph no. 12 are denied.

13. Denied.

14. Defendant lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 (2nd) and therefore deny the same.

15. The allegations contained in paragraph 13 (2nd) are denied.

16. In response, the allegations contained in paragraph no. 14 Defendants deny that the criminal charges were tried or dismissed on the merits. Defendants admit that the charges were later expunged by Court Order.

17. Paragraph no. 15 is denied

18. Paragraph no. 16 is denied.

19. Paragraph no. 17 is denied

20. In response to the allegations contained in paragraph no. 18 Defendants admit that Exhibit B appears to be a news article regarding the instant that occurred in 2016 under a prior administration that did not involve any of the deputies mentioned in the Plaintiff's lawsuit.

21. In response, the allegations contained in paragraph no. 19, Defendants admit that Cheatham County, Tennessee have been sued by Mark and Sherry Campbell as referenced in the attached opinion. Cheatham County, Tennessee, was dismissed from that lawsuit. Also involved in that lawsuit was former Deputy Doug Fox, who is no longer employed by Cheatham County, Tennessee.

22. Paragraph no. 20 is denied.

23. Paragraph no. 21 is denied.

24. Each and every allegation of the Plaintiff's Complaint not heretofore admitted or denied specifically is hereby denied generally.

## AFFIRMATIVE DEFENSES

25. The Plaintiff has failed to state a cause of action for punitive damage against the Defendants. Further, punitive damages are not available under any theory of liability against Cheatham County, Tennessee.

26. So as to avoid waiver, Defendant asserts the affirmative defense of statute of limitations if found applicable in this matter.

27. Defendants Zachary Roesler and Michael Mealer avers that at all times pertinent herein they acted in good faith in discharging their duties and acted reasonably under the circumstances that existed at the time of the allegations contained in the Complaint. Defendants Zachary Roesler and Michael Mealer did not violate any civil rights of Mr. Anderson and therefore are immune from liability and specifically plead the Doctrine of Qualified Immunity as a defense to the action filed by the Plaintiff. No act or omission on the part of the Defendants Zachary Roesler and Michael Mealer violated a clearly established or particularized constitutional right or constituted a failure to protect the rights of Mr. Anderson and thus the Defendants Zachary Roesler and Michael Mealer are immune from liability in this action.

28. It is averred that any injuries alleged in the Complaint are the result of Mr. Anderson' own actions and therefore, the Plaintiff is barred from any recovery from these Defendants.

29. Defendants Cheatham County deny that any alleged violation of Mr. Anderson' constitutional rights was the cause or result of an official policy or custom of Cheatham County.

30. Defendants aver that the Plaintiff has failed to identify any policy, fact or custom of Cheatham County, Tennessee that caused the alleged damages.

WHEREFORE, the Defendants respectfully pray the following:

1. That all claims against these Defendants be dismissed, and the costs of this cause be taxed against the Plaintiff.

2. That Defendants be awarded costs as allowed by Federal Rule of Civil Procedure 54 and attorneys' fees pursuant to 42 U.S.C. § 1988.

3. Defendants demand a jury to try this cause.

30. Having answered the Amended Complaint and asserted their affirmative defenses, these Defendants pray that the complaint be dismissed with the costs taxed to the Plaintiff.

Respectfully submitted,

BATSON NOLAN PLC

By: */s/ Mark Nolan*
Mark Nolan, BPR No. 015859
*Defense Counsel*
2675 Townsend Court, Suite A
Clarksville, TN 37043
(931) 647-1501 (phone)
(931) 436-9755 (facsimile)
dmnolan@batsonnolan.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been delivered to the following persons via U.S. Mail, the Court's electronic filing system, or other appropriate means on this 1st day of February, 2024:

Nancy Calloway
Counsel for Plaintiff
P.O. Box 457
Elkton, KY 42220
(270) 265-2322
callowaylaw@bellsouth.net

                              BATSON NOLAN PLC

                By:    /s/ Mark Nolan
                             Mark Nolan